# EXHIBIT 1

FILED
MARIE RAMSEY - HIRST COURT CLERK
CANADIAN COUNTY OKLA.

SEP -7 2016

BY _____
    DEPUTY


*1034273998*

IN THE DISTRICT COURT OF CANADIAN COUNTY
STATE OF OKLAHOMA

RYAN CARR and JESSICA CARR,    )
                                )
        Plaintiffs,             )
                                )   Case No. CJ 2016-446
v.                              )
                                )
REMINGTON ARMS COMPANY, LLC,    )
f/k/a REMINGTON ARMS COMPANY,   )
INC.,                           )   CASE ASSIGNED TO:
                                )
        Defendants.             )
                                )   GARY E. MILLER
                                    JUDGE: _____

## PETITION

Plaintiffs Ryan Carr and Jessica Carr allege and state:

### I. Parties

1. At all times relevant the events giving rise to this lawsuit, Plaintiffs Ryan Carr and Jessica Carr were residents of Altus, Jackson County, Oklahoma.

2. Plaintiffs Ryan Carr and Jessica Carr are currently residents of New Iberia, Louisiana.

3. Defendant Remington Arms Company, LLC is a foreign corporation with its principal place of business in Madison, North Carolina. Defendant Remington Arms Company, LLC's registered agent for service of process in Oklahoma is The Corporation Company, 1833 S. Morgan Road, Canadian County, Oklahoma City, Oklahoma 73128.

4. Defendant Remington Arms Company, LLC designs, manufactures, and distributes firearms through retailers throughout the State of Oklahoma. Defendant Remington Arms Company, LLC's conduct is specifically directed at consumers in the State of Oklahoma, among other consumers.

5. At the time of the incident described herein, Defendant Remington Arms Company, Inc. was a foreign corporation with its principal place of business in Madison, North Carolina. Defendant Remington Arms Company, Inc.'s registered agent for service of process in

Oklahoma was The Corporation Company, 1833 S. Morgan Road, Oklahoma City, Canadian County, Oklahoma 73128.

6. Defendant Remington Arms Company, Inc. designed, manufactured, and distributed firearms, including the shotgun at issue in this case, through retailers throughout the State of Oklahoma. Defendant Remington Arms Company, Inc.'s conduct was specifically directed at consumers in the State of Oklahoma, among other consumers.

7. On or about July 1, 2011, Defendant Remington Arms Company, Inc. converted its corporate entity type from a corporation to a limited liability company, thereby becoming Remington Arms Company, LLC.

8. Defendant Remington Arms Company, LLC is therefore a continuation and successor-in-interest to Defendant Remington Arms Company, Inc. and is liable for the tortious conduct of Defendant Remington Arms Company, Inc.

9. Defendants Remington Arms Company, LLC and Defendant Remington Arms Company, Inc. are hereinafter referred to as Defendant Remington Arms.

## II. Object and Nature of Action

10. This is a product liability / negligence action by Plaintiffs Ryan Carr and Jessica Carr against Defendant Remington Arms, which designed, manufactured, and distributed the Remington Model 887 Shotgun at issue, for the recovery of actual and punitive damages sustained on September 12, 2015 while Ryan Carr was duck hunting at the Mountain Park (aka Tom Steed) Wildlife Management Area in Kiowa County, Oklahoma, when defects in the shotgun allowed and caused the shotgun to unintentionally discharge, even though the safety was engaged.

### III. Safety Rule for Firearms Manufacturers

11. Firearms should be designed and manufactured with safety as the first priority in order to protect everyone from serious injury or death.

12. Firearms should be designed and manufactured so that their internal parts cannot become separated during normal use in order protect everyone from serious injury or death.

13. Firearms should be designed and manufactured so that they cannot unintentionally discharge upon chambering a live round in order protect everyone from serious injury or death.

14. Firearms should be designed and manufactured so that an engaged safety will preclude the firearm from discharging under all circumstances in order protect everyone from serious injury or death.

### IV. Facts

15. Plaintiffs Ryan Carr and Jessica Carr hereby incorporate paragraphs 1-14 by reference.

16. Defendant Remington Arms is and was in the business of designing, manufactuing, and distribution firearms, shells, and firearms accessories.

17. Defendant Remington Arms designed, manufactured, and distributed the Remington Model 887 Shotgun, Serial Number ARM035699.

18. The shotgun was produced at Defendant Remington Arms' plant in Ilion, New York.

19. The core design of the Remington Model 887 Shotgun, including the action, receiver, and barrel, is a derivative of the Remington Model 870 Shotgun.

20. The Remington Model 887 is intended to stand up to hunting abuse like no other shotgun.

21. The Remington Model 887 is coated in an ArmorLokt finish to protect the shotgun in the most extreme hunting conditions on the planet.

22. Defendant Remington Arms markets the Remington Model 887 as the most durable and reliable shotgun ever made.

23. In the fall of 2013, Plaintiff Ryan Carr purchased a Remington Model 887 Shotgun, Serial Number ARM035699, from a "big box" sporting goods retailer in Oklahoma City, Oklahoma County, Oklahoma.

24. Plaintiffs Ryan Carr and Jessica Carr were persons who used or could have reasonably been expected to be affected by the shotgun.

25. Defendant Remington Arms instituted a recall of the Model 887 Shotgun manufactured on certain dates. Remington Arms determined that the firing pin could bind in the forward position in the bolt, which could result in an unintentional discharge when chambering a live round. This unintentional discharge can occur even when the shotgun's safety is engaged.

26. Defendant Remington Arms is aware than any unintentional discharge has the potential to cause injury or death.

27. According to Defendant Remington Arms, Plaintiff Ryan Carr's Model 887 Shotgun is not subject to the recall.

28. Plaintiff Ryan Carr was unaware of the recall on the Remington Model 887 Shotgun.

29. The recall had not been performed on Plaintiff Ryan Carr's shotgun.

30. Plaintiff Ryan Carr cleaned and maintained the shotgun after each use in accordance with Defendant Remington Arms' instructions. Mr. Carr would ensure that the safety was engaged and that the shotgun was unloaded. Mr. Carr would remove the barrel, the trigger assembly, and the bolt assembly. Mr. Carr would clean the barrel and chamber using

4

brushes, cloth pads/patches, cleaning oil, and Rem Oil. Mr. Carr would clean the bolt assembly using a brush and Rem Oil.

31. Plaintiff Ryan Carr would inspect the trigger assembly for any problems. He would then apply Rem Oil as instructed. Mr. Carr never disassembled the trigger assembly, including its springs.

32. No one else cleaned or maintained the shotgun besides Plaintiff Ryan Carr.

33. Plaintiff Ryan Carr would then reassemble the shotgun and perform a function test.

34. Plaintiff Ryan Carr had performed this cleaning procedure dozens of times.

35. On September 12, 2016, Plaintiff Ryan Carr was duck hunting at the Mountain Park (aka Tom Steed) Wildlife Management Area in Kiowa County, Oklahoma.

36. The Remington Model 887 Shotgun had not been substantially changed since it had been manufactured and distributed by Defendant Remington Arms.

37. Plaintiff Ryan Carr had shot a couple of ducks, retreived them, and returned to his duck blind.

38. Plaintiff Ryan Carr was lying on his back in his duck blind with the shotgun laying across his chest at a 45° angle with the stock against his right shoulder.

39. The shotgun's safety was engaged.

40. Plaintiff Ryan Carr attempted to load a shell in the shotgun, but it would not seat properly so he removed it and inserted another shell.

41. Plaintiff Ryan Carr loaded a new shell in the shotgun and sharply closed the slide.

42. When Plaintiff Ryan Carr sharply slid the slide to chamber the shell, the shotgun shifted so that the barrel aligned with his left foot, and the shotgun discharged.

43. Witnesses who attended to Plaintiff Ryan Carr at the scene verified that the shotgun's safety was still engaged.

44. The game warden slid the slide and stated that something sounded loose.

45. As a result of the unintentional discharge of the shotgun, Plaintiff Ryan Carr suffered an injury to his left foot resulting in amputation of two toes, pinning of another toe, additional fractures, removal of foreign objects, debridement, flap coverage, and other injuries to his left foot.

### V. Count I – Product Liability

46. Plaintiffs Ryan Carr and Jessica Carr hereby incorporate paragraphs 1-45 by reference.

47. Plaintiff Ryan Carr used the Remington Model 887 shotgun in the manner it was intended to be used and in a manner which Defendant Remington Arms could reasonably have foreseen.

48. A joint inspection of the shotgun by an expert on behalf of Defendant Remington Arms and an expert on behalf of Plaintiff Ryan Carr, found that the shotgun's hammer was held rearward by engagement with the sear and that the sear spring was separated from the sear.

49. In this condition, the sear does not always engage the hammer sufficiently to hold the hammer against the hammer spring, allowing the hammer to move forward following the movement of the bolt carrier as the slide is moved to its forward, fire ready position.

50. Absent full engagement of the hammer and seer, unintentional discharge can occur if the shotgun receives a sufficient impulse, such as a sharp racking of the slide when chambering a shell.

51. An hammer which is not unengaged by the sear can also follow the bolt carrier as the slide is racked forward, also resulting in an unintentional discharge.

52. These unintentional discharges can occur even with the shotgus' safety engaged.

53. Defendant Remington Arms cautions against relying on use of the safety of its firearms.

54. The Remington Model 887 Shotgun is defective (in the sense that it was not reasonably fit for the ordinary purposes for which such products are intended or may reasonably be expected to be used) and unreasonably dangerous (in the sense that it is dangerous beyond that which would be contemplated by the ordinary user who purchased it with the ordinary knowledge common to the community as to the product's characteristics) to a person who uses or might be reasonably expected to be affected by the shotgun in the following respects:

(a) the ability of the sear spring to come out of position against the sear;

(b) the ability of the shotgun to unintentionally discharge as a result of hammer movement associated with a sharp racking of the slide;

(c) the ability of the shotgun to unintentionally discharge despite the engagement of the safety;

(d) failure to warn of the foregoing defects in a manner sufficient to inform an ordinary user of the risk of harm; and

(e) other defects, not yet identified.

55. The foregoing defects were present in the shotgun at the time that it was manufactured and distributed by Defendant Remington Arms.

56. As a direct and proximate result of the foregoing defects, Plaintiffs Ryan Carr and Jessica Carr sustained the following injuries and damages:

(a) physical injuries to Plaintiff Ryan Carr;

(b) past and future disfigurement of Plaintiff Ryan Carr;

(c) past and future diminished physical capacity of Plaintiff Ryan Carr;

7

 (d) past and future medical expenses of Plaintiff Ryan Carr;

 (e) past and future physical pain and suffering of Plaintiff Ryan Carr;

 (f) past and future mental pain and suffering of Plaintff Ryan Carr;

 (g) past and future lost income and earning capacity of Plaintiff Ryan Carr;

 (h) past and future lost household services of Plaintiff Ryan Carr; and

 (i) past and future loss of consortium of Plaintiff Jessica Carr.

57. Defendant Remington Arms's conduct which resulted in the existence of the defects in the Remington Model 887 Shotgun was willful and wanton, such that it was unreasonable under the circumstances and there was a high probability that the conduct would cause serious harm to another person.

58. Defendant Remington Arms's conduct which resulted in the existence of the defects in the Remington Model 887 Shotgun was done recklessly and with disregard for the rights safety of others, thereby entitling Plaintiffs Ryan Carr and Jessica Carr to recover punitive damages.

## VI. Count II – Negligence

59. Plaintiffs Ryan Carr and Jessica Carr hereby incorporate paragraphs 1-58 by reference.

60. Defendant Remington Arms owed its customers and others which might reasonably be affected by the Remington Model 887 Shotgun, a duty of reasonable care in the design, manufacture, and distribution of the shotgun.

61. Defendant Remington Arms breached its duty of reasonable care and was negligent in the design, manufacture, and distribution of the shotgun such that it contained the following defects:

 (a) the ability of the sear spring to come out of position against the sear;

8

(b)  the ability of the shotgun to unintentionally discharge as a result of hammer movement associated with a sharp racking of the slide;

(c)  the ability of the shotgun to unintentionally discharge despite the engagement of the safety;

(d)  failure to warn of the foregoing defects in a manner sufficient to inform an ordinary user of the risk of harm; and

(e)  other defects, not yet identified.

62. As a direct and proximate result of the negligence of Defendant Remington Arms, Plaintiffs Ryan Carr and Jessica Carr sustained the following injuries and damages:

(a)  physical injuries to Plaintiff Ryan Carr;

(b)  past and future disfigurement of Plaintiff Ryan Carr;

(c)  past and future diminished physical capacity of Plaintiff Ryan Carr;

(d)  past and future medical expenses of Plaintiff Ryan Carr;

(e)  past and future physical pain and suffering of Plaintiff Ryan Carr;

(f)  past and future mental pain and suffering of Plaintff Ryan Carr;

(g)  past and future lost income and earning capacity of Plaintiff Ryan Carr;

(h)  past and future lost household services of Plaintiff Ryan Carr; and

(i)  past and future loss of consortium of Plaintiff Jessica Carr.

63. Defendant Remington Arms's conduct which resulted in the existence of the defects in the Remington Model 887 Shotgun was willful and wanton, such that it was unreasonable under the circumstances and there was a high probability that the conduct would cause serious harm to another person.

64. Defendant Remington Arms's conduct which resulted in the existence of the defects in the Remington Model 887 Shotgun was done recklessly and with disregard for the

9

rights safety of others, thereby entitling Plaintiffs Ryan Carr and Jessica Carr to recover punitive damages.

WHEREFORE Plaintiffs Ryan Carr and Jessica Carr pray for an award of actual and punitive damages against Defendant Remington Arms Company, LLC and/or Defendant Remington Arms Company, Inc. in an amount in excess of $75,000, plus costs, prejudgment and post-judgment interest, and such other relief as the Court may deem appropriate.

ATTORNEYS' LIEN CLAIMED.

RESPECTFULLY SUBMITTED,

Tye H. Smith, OBA #14595
Christopher L. Brinkley, OBA #32180
CARR & CARR
1350 S.W. 89th Street
Oklahoma City, OK  73159
405/234-2110
405/234-2128 (Fax)
tyesmith@carrcarrokc.com
cbrinkley@carrcarrokc.com
*Attorneys for Plaintiffs Ryan Carr and Jessica Carr*