FILED
United States Court of Appeals
Tenth Circuit

October 4, 2021

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

―――――――――――――――――――――

RYAN CARR; JESSICA CARR,

    Plaintiffs - Appellants,

v.

REMINGTON ARMS COMPANY, LLC,
f/k/a Remington Arms Company, Inc.,

    Defendant - Appellee.

No. 19-6046
(D.C. No. 5:16-CV-01153-SLP)
(W.D. Okla.)

―――――――――――――――――――――

ORDER AND JUDGMENT*

―――――――――――――――――――――

Before **TYMKOVICH**, Chief Judge, **LUCERO**, Senior Circuit Judge, and **MATHESON**, Circuit Judge.

―――――――――――――――――――――

    This appeal arises out of the district court's dismissal with prejudice of a diversity action pursuant to an Administrative Closing Order. Plaintiffs Ryan and Jessica Carr ("the Carrs") contend on appeal that the district court abused its discretion in denying their motion to reinstate the case under Fed. R. Civ. P. 60(b) and their subsequent motion to vacate, or in the alternative, amend the judgment pursuant to Fed. R. Civ. P. 59(e) and 60(b). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's denial of the Carrs' motion to reinstate. We

---

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

dismiss the Carrs' challenge to the district court order denying their motion to vacate for lack of appellate jurisdiction.

The Carrs filed a complaint against Defendant Remington Arms Company ("Remington") in Oklahoma state court on September 7, 2016, asserting tort claims related to the alleged misfiring of a shotgun. Remington removed the case to the Western District of Oklahoma on diversity grounds. Following Remington's initiation of bankruptcy proceedings, the district court entered an Administrative Closing Order. The Order provided that either party could file a motion to reopen the action within thirty days of the bankruptcy proceeding's completion, and that the action would be dismissed with prejudice if neither party moved to reopen in that period. The bankruptcy proceedings terminated with a Final Decree entered on July 16, 2018.

On October 12, 2018, nearly two months after the district court's thirty-day deadline passed, the Carrs filed a motion to reinstate their tort case ("motion to reinstate"), arguing that the case should be reinstated because they received insufficient notice of the completion of Remington's bankruptcy proceedings. The district court disagreed and denied the motion on February 22, 2019, determining that relief under Rule 60(b) was unwarranted because the Carrs failed to monitor the bankruptcy proceedings. On March 21, 2019, the Carrs filed a motion to vacate or, in the alternative, amend ("motion to vacate") the district court's February 22, 2019 order, pursuant to Rules 59(e) and 60(b). They filed a timely notice of appeal of the February 22, 2019 order on the same day. On March 20, 2020, the district court

denied the motion to vacate, rejecting the Carrs' argument that Remington's bankruptcy proceedings were incomplete.[1] The Carrs did not file a new or amended notice of appeal addressing the district court's order denying their motion to vacate.

We review a district court's decisions under Rule 60(b) for abuse of discretion. Wright ex rel. Tr. Co. of Kansas v. Abbott Lab'ys., Inc., 259 F.3d 1226, 1235 (10th Cir. 2001). Under this high standard, "we will not alter a trial court's decision unless it can be shown that the court's decision was an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." Id. at 1236 (quotation omitted). In reviewing a denial of Rule 60(b) relief, "our review is meaningfully narrower than review of the merits of a direct appeal," Zurich N. Am. v. Matrix Serv., Inc., 426 F.3d 1281, 1289 (10th Cir. 2005) (quotation omitted), and we may reverse only if we find "a complete absence of a reasonable basis and [are] certain that the . . . decision is wrong." Id. (quotation omitted). Although we might not have decided this case precisely as the district court did, the Carrs have not demonstrated that the district court abused its discretion in denying their motion to reinstate. Specifically, the district court's finding that the Carrs' failure to monitor Remington's bankruptcy proceedings did not constitute excusable neglect under Rule 60(b)(1) is within the bounds of Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380 (1993), even if we would have weighed the Pioneer factors differently. See also United States v. Torres,

---

[1] The Carrs filed a second motion to reinstate with the district court while their motion to vacate was pending. The district court denied this second motion as moot as part of its March 20, 2020 Order denying the motion to vacate.

372 F.3d 1159, 1163 (10th Cir. 2004) ("Nonetheless, fault in the delay remains a very important factor—perhaps the most important single factor—in determining whether neglect is excusable.") (quotation omitted); <u>358 Liberation, LLC v. County Mutual Ins. Co.</u>, 772 F. App'x 703, 704 (10th Cir. 2019) (unpublished) (affirming a district court decision denying a Rule 60(b) motion that focused only on the third <u>Pioneer</u> factor and did not address the other factors).[2]

With respect to the Carrs' motion to vacate, "[w]hen an appellant challenges an order ruling on a motion governed by Appellate Rule 4(a)(4)(B)(ii), a new or amended notice of appeal is necessary. . . ." <u>Husky Ventures, Inc. v. B55 Invs., Ltd.</u>, 911 F.3d 1000, 1010 (10th Cir. 2018). The Carrs' motion to vacate is governed by this rule. <u>See</u> Fed. R. App. P. 4(a)(4)(A)(iv), (vi). They did not file a new or amended notice of appeal challenging the denial of that motion. Absent a notice of appeal designating the order denying their motion to vacate, we lack appellate jurisdiction. <u>Husky Ventures, Inc.</u>, 911 F.3d at 1008-09.

For the foregoing reasons, we **AFFIRM** the district court's order denying the Carrs' motion to reinstate. The Carrs' challenge to the district court's order denying

---

[2] Nor did the district court abuse its discretion in denying the Carrs' motion to reinstate under Rule 60(b)(3) or 60(b)(6). The Carrs failed to establish fraud, misrepresentation, or misconduct by Remington for purposes of Rule 60(b)(3), which requires some measure of intent to deceive. <u>See</u> <u>Zurich N. Am.</u>, 426 F.3d at 1292. As to Rule 60(b)(6), the Carrs have not demonstrated "extraordinary circumstances suggesting that the party is faultless in the delay." <u>Pioneer</u>, 507 U.S. at 393 (quotation omitted).

their motion to vacate is **DISMISSED** for lack of appellate jurisdiction.

                                                              Entered for the Court


                                                              Carlos F. Lucero
                                                              Senior Circuit Judge

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

Christopher M. Wolpert
Clerk of Court

Jane K. Castro
Chief Deputy Clerk

October 4, 2021

Mr. Christopher L. Brinkley
Mr. Patrick E. Carr
Carr & Carr
1350 S.W. 89th Street
Oklahoma City, OK 73159

**RE:    19-6046, Carr, et al v. Remington Arms Company**
         Dist/Ag docket: 5:16-CV-01153-SLP

Dear Counsel:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Pursuant to Fed. R. App. P. Rule 40(a)(1), any petition for rehearing must be filed within 14 days after entry of judgment. Please note, however, that if the appeal is a civil case in which the United States or its officer or agency is a party, any petition for rehearing must be filed within 45 days after entry of judgment. Parties should consult both the Federal Rules and local rules of this court with regard to applicable standards and requirements. In particular, petitions for rehearing may not exceed 3900 words or 15 pages in length, and no answer is permitted unless the court enters an order requiring a response. *See* Fed. R. App. P. Rules 35 and 40, and 10th Cir. R.35 and 40 for further information governing petitions for rehearing.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of Court

cc: Robert H. Alexander Jr.
Steven E. Danekas
Robert W. Ivy
Andrew Arthur Lothson


CMW/sls